Wendy G. BROWN, Appellant,

v.

Kevin M. BROWN, Appellee.

Nos. S–4731, S–5034.

Supreme Court of Alaska.

March 5, 1993.

Before MOORE, C.J., and
RABINOWITZ, BURKE, MATTHEWS and
COMPTON, JJ.

## ORDER NO. 28

Appellant Wendy Brown's motion for full court consideration of the order of December 24, 1992, denying her motion for a ten-day extension for filing her brief and dismissing her appeal has been considered by the full court. This is appellant's fifth request for a extension of time within which to file her opening brief. The prior requests were granted; however, the fourth request was granted with the notation that "no further extensions will be granted." Appellant's counsel, Gary Foster, claims that the fifth request was necessitated by an "unexpected major and preemptive disruption of his schedule, thereby necessitating another non-routine ten-day extension." Although Foster's showing is not without some plausibility, the court concludes that Foster has not appropriately planned his schedule or marshalled his resources and that with appropriate planning and marshalling of resources, appellant's brief could have been filed without the necessity for a fifth extension of time: The court concludes that Foster rather than appellant should bear the cost of his derelictions. Accordingly,

IT IS ORDERED:

The motion is granted. The dismissal of the appeal is vacated and appellant's opening brief, which has been lodged, shall be filed on March 26, 1993, conditioned on the following:

(1) Foster shall personally pay a $500 fine under Appellate Rule 510(c) and

(2) Foster shall personally pay appellee's actual reasonable fees and costs incurred in opposing the motion for the fifth extension of time and in opposing the present motion for full court reconsideration; such fees and costs shall be assessed by the clerk of court.

BURKE, Justice, dissenting.

I dissent.

The court concedes that, "with appropriate planning and marshalling of resources, appellant's brief could have been filed without the necessity for a fifth extension of time." Nevertheless, the court now orders the extension granted, because "[appellant's attorney] rather than appellant should bear the cost of his derelictions."[1] Given the number of extensions in the case and appellant's now established lack of due diligence, I believe dismissal of her appeal was fully warranted. Thus, I would hold

1. The only costs mentioned by the court are those incurred by appellee in opposing the motion for a fifth extension of time, and the present motion for full court reconsideration. Apparently, the cost of any *additional* harm caused by the delay must be borne by appellee.

that the appeal was properly dismissed, for want of prosecution.

With today's order, the court sends a clear message: litigants are not only free to ignore the filing deadlines in the Rules of Appellate Procedure, they are even free to disregard an unequivocal statement by a judge that "no further extensions will be granted." The court's ruling makes clear that such admonitions are without meaning, and that the time requirements of the Appellate Rules will not be enforced. Wisely, the court stops short of repeating the admonition here.